UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                              DECISION AND ORDER

                                              03-CR-6152L
                                              05-CV-6166L

          v.

SHANE BYBEE,

                        Defendant.
_____

       Defendant, Shane Bybee ("Bybee"), pleaded guilty to Count 14 of the 26-count indictment, which charged a violation of 20 U.S.C. § 1097(a), concerning fraud relative to obtaining student loans.  The plea was entered pursuant to a detailed written plea agreement.

       On November 1, 2004, the Court sentenced Bybee principally to a term of 37 months imprisonment and ordered restitution in the amount of $161,505.  Bybee did not directly appeal from the judgment of conviction.  Rather, on April 12, 2005, he filed the instant motion to vacate the sentence pursuant to 28 U.S.C. § 2255.  His *pro se* motion alleges ineffective assistance of counsel and other matters relating to entry of his guilty plea.  The petition is without merit, and it is hereby dismissed.

First of all, the plea agreement that Bybee executed specifically contained both a waiver of appeal and a waiver of the right to pursue collateral relief. Bybee obtained the benefits of the plea agreement and cannot now seek to ignore those portions of the agreement that do not presently suit him. The Court specifically discussed the appeal waiver with Bybee, and he affirmed his understanding concerning the matter.

Bybee may not use § 2255 to raise issues that could have been raised on appeal. He has procedurally defaulted his right to pursue a claim under § 2255. The fact that Bybee waived his right to appeal does not give him license to prosecute appellate issues under § 2255. I agree with the authority cited by the Government on this point in its motion to dismiss the petition (Dkt. # 40). Based on the waiver of appeal and waiver of collateral challenge contained in the plea agreement, I would dismiss the petition based on those matters alone.

Bybee's claim that his trial counsel was ineffective for failing to file a notice of appeal is without merit. As the Government points out in its motion, Bybee cannot make either prong of the test for establishing ineffective assistance under *Strickland v. Washington,* 466 U.S. 668 (1984). In light of the clear provision in the plea agreement that Bybee waived his appeal rights, Bybee cannot demonstrate that his counsel's performance was deficient as measured against an objective standard. In light of the plea agreement there was not right to appeal. Furthermore, the second prong of the *Strickland* test cannot be met. Bybee cannot demonstrate that the result would have been any different.

The rest of Bybee's claims are without merit. Bybee pleaded guilty, without any reservation of rights, and cannot challenge any matters that occurred before entry of the plea including motions

to suppress relating to statements, etc. Furthermore, there is no evidence that Bybee's plea was not voluntary or knowing. The Court engaged Bybee extensively at the colloquy on the plea to determine that the plea was knowing and voluntary.

To the extent Bybee seeks some relief under the Supreme Court's decisions in *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Blakely v. Washington,* 124 S. Ct. 2531 (2004), as the Government points out, the Second Circuit has repeatedly held that those cases and *United States v. Booker,* 125 S. Ct. 738 (2005) do not apply retroactively to motions brought under 28 U.S.C. § 2255. In any event, even if those cases did apply, it would not affect Bybee, since he was sentenced within the Guidelines agreed to by the parties.

CONCLUSION

The petition of Shane Bybee to vacate the judgment and conviction, pursuant to 28 U.S.C. § 2255 is hereby dismissed.

I decline to issue a certificate of appealability because Bybee has failed to make a substantial showing of a denial of a constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 17, 2005.